IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PREMIER PAINT & DRYWALL, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-155-MHT-DAB |
| ) | |
| **DESIGNED TO BUILD, LLC,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Premier Paint & Drywall, Inc. ("Premier"), sued Defendant, Designed to Build, LLC, ("DTB") in state court in a single-count complaint for breach of contract. (Doc. 1-1). DTB removed the case to this court. (Doc. 1). Premier alleges the parties contracted for Premier, acting as subcontractor, to source, provide, and install drywall for a project known as the "clubhouse" contract. (Doc. 1-1, ¶ 5). Premier sued to recover the "retainage," *i.e.* the amount of funds held back by DTB until completion of the project. *Id.*, ¶ 6. Before the court is Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration. (Doc. 6). Premier did not respond to the motion, but filed a Partial Objection to Removal. (Doc. 11). A hearing on the matter was held on May 22, 2018. It is the recommendation of the undersigned Magistrate Judge that the motion to stay the case and compel arbitration be **granted** and the motion to dismiss be **denied**.

## I.    JURISDICTION

This court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as to Plaintiff's cause of action.[1] The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On April 19, 2018, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Judge Myron H. Thompson. (Doc. 13) *See* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.    LEGAL STANDARD

"[A]rbitration is a matter of contract," *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960), and "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit their grievances to arbitration." *AT & T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986).

The Eleventh Circuit applies a two-step inquiry when determining the propriety of a motion to compel arbitration pursuant to Section 4 of the Federal

---

[1] On the question of subject matter jurisdiction, the court sought additional information from the Defendant limited liability company. *See* (Doc. 15). Defendant responded to the court's order to show cause stating the LLC was owned by a single member who, as a citizen of Georgia, was diverse from the Plaintiff. (Doc. 16). According to Plaintiff's filings, the amount in controversy is $143,484.76. (Doc. 11, ¶ 16). Further, at the hearing, the parties acknowledged the amount in controversy exceeded $75,000.

Arbitration Act (FAA).  *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).  The first step considers whether the parties agreed to arbitrate.  *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).  The second step involves deciding whether "legal constraints external to the parties' agreement foreclosed arbitration." *Id.* (quoting *Mitsubishi Motors Corp.*, 473 U.S. at 628).  Federal law favors arbitration.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (U.S. 1983).  Cases in this circuit and others have recognized that an agreement's incorporation by reference of the American Arbitration Association ("AAA") rules "provide[s] clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332–33 (11th Cir. 2005) (collecting cases).

### III.   STATEMENT OF FACTS AND ARBITRATION CLAUSE

DTB served as the general contractor for a construction project known as Wildwood of Baton Rouge located in Baton Rouge, Louisiana.  As part of the construction project, Premier, as a subcontractor, entered into two contracts with DTB.  *See* (Docs. 6-1, 6-2).  The first contract ("the Drywall Contract") consisted of a scope of work for drywall installation and the second contract consisted of a scope

of work for painting ("the Painting Contract").[2] *Id.* The Drywall Contract is the subject of Premier's Complaint here.

The Drywall Contract contains a mandatory arbitration provision invoking the AAA rules:

> Notwithstanding any dispute clause contained in the General Conditions or the Contract with the Owner, SUBCONTRACTOR agrees that, in the event of any dispute between the SUBCONTRACTOR and GENERAL CONTRACTOR, such dispute will be submitted to arbitration. Such arbitration shall be held in Athens, Georgia. The parties irrevocably (i) submit to the exclusive jurisdiction of the State of Georgia over any action or proceeding arising out of the Agreement, (ii) agree that all claims in respect of such action or proceeding may be heard and determined in arbitration, (iii) waive, to the fullest extent they may effectively do so, the defense of an inconvenient or inappropriate forum to the maintenance of such action or proceeding, and (iv) waive any defense based on lack of personal jurisdiction of any such purpose.
>
> Arbitration shall be held in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association which are in effect at the time the demand for arbitration is filed. Demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association, and a copy shall be filed with the ARCHITECT and with the OWNER.
>
> A demand for arbitration shall be made within a reasonable time after the claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim would be barred by the applicable statute of limitations. The party on notice of demand for arbitration must assert in the

---

[2] A dispute related to the Painting Contract was litigated in another lawsuit in Baton Rouge, Louisiana. At the hearing, counsel for Premier stated that Premier was no longer a party in that case.

> demand all claims then known to that party on which arbitration is permitted to be demanded.
>
> Should either party refuse or neglect to appear or participate in properly instituted arbitration proceedings, the arbitrator are empowered to decide the controversy in accordance with whatever evidence is presented. The arbitrators are authorized to award any party or parties such sums as such arbitrator shall deem proper for the time, expense and trouble, including attorney's fees.
>
> The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(Doc. 6-1 at 11–12). At the hearing, the parties acknowledged the drywall dispute was subject to the arbitration clause contained in the contract, and Premier offered no argument to dispute Defendant's motion to compel arbitration. Rather, Premier's issue was with DTB's counterclaim, arguing it related to the Louisiana lawsuit and not the instant case.

## IV. DISCUSSION

Section 2 of the Federal Arbitration Act provides that an arbitration clause contained in a contract involving interstate commerce must be enforced. 9 U.S.C. § 2. The agreement at issue in this case is between a Georgia limited liability corporation and an Alabama corporation for a Louisiana project and thus would fall within the scope of this provision. The agreement was reduced to a writing that both parties accepted. There has been no argument or contention that the arbitration agreement is invalid or unenforceable. The court may compel arbitration. *See id.* §

4. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration. *See id.* § 3.

Given the unambiguous arbitration provision contained in the Drywall Contract and the parties' agreement that the drywall dispute is subject to the arbitration provision, there can be no doubt that arbitration is appropriate in these circumstances.

Defendant suggests that all issues raised by the complaint are to be submitted to arbitration, and therefore dismissal is warranted. The court declines to recommend dismissal as the scope of matters to be arbitrated is more appropriately left for the arbitrator. Further, in the event any arbitration award requires confirmation or is subject to challenge, a stay with retention of jurisdiction will allow more expeditious review.

### V.  RECOMMENDATION

For the reasons as stated, it is the **recommendation** of the Magistrate Judge that Defendant's Motion to Dismiss or Stay Proceedings and Compel Arbitration (Doc. 6) be **granted** to the extent that the case be **stayed** to allow the parties to proceed with arbitration in accordance with the arbitration provision contained in the Drywall Contract. In addition, the parties should be ordered to file a status report regarding the arbitration every ninety days and upon completion of the arbitration

process. It is further **recommended** the Clerk be directed to administratively close the case, and in all other respects, it is recommended the motion be **denied**.

## VI.   NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **June 20, 2018**.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 6th day of June 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE